**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JAMES ANTHONY LYONS** | **DOCKET NO. 2:25-cv-00928**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SHERIFF'S DEPT. CALCASIEU PARISH, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## <u>REPORT AND RECOMMENDATION</u>

Presently pending before this Court is a Request for Temporary Restraining Order filed by pro se plaintiff James Anthony Lyons ("Lyons") by which he requests a "temporary restraining order from the Judgment in the 14th Judicial District Court against [him] on criminal charges in this complaint because it was obtained in violation of [his] 14th amendment right of the United States Constitution due process and 6th and 8th amendments also." Doc. 12.

Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or modify state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). A district court cannot resolve claims which are "inextricably intertwined" with a state court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Thus, a plaintiff cannot "invite a federal district court to 'sit in direct review of state court decisions' by asserting constitutional claims that the state court had not directly addressed." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 384 (5th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 n.1 (2005)). Although a district court has jurisdiction over independent claims, such as for fraud, such claims may not seek to overturn or seek damages for injuries that arise from a state court judgment. *Truong*, 717 F.3d at 383.

Plaintiff is asking this Court to overturn the state court judgment. This Court does not have jurisdiction to issue the relief sought in his motion.

Accordingly,

**IT IS RECOMMENDED** that the Request for Temporary Restraining Order be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 8th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE